## E. E. MUTHERSBAUGH, *et al.*, v. W. H. BURKE.

1. TENANT-IN-COMMON; *Tax Title against Co-Tenant.* As a general rule, a tenant-in-common will not be permitted to assert against his co-tenant a tax title acquired by him for taxes imposed on the joint property.

2. TAX TITLE—*Benefit of Co-Tenants.* Usually, where a tenant-in-common purchases a tax title against the joint property, the purchase will be held to be a payment of the taxes, or the extinguishment of an adverse claim, or cloud, or lien, and will inure to the benefit of all the joint owners; and the purchaser will simply be entitled to be reimbursed by his co-tenants, and will have a lien upon the land for the amount equitably due from them.

3. ——— And *held,* under the facts of this case, that the purchase of a tax title by one tenant-in-common, did not destroy or defeat the title of his co-tenant.

*Error from Osborne District Court.*

ACTION by *Burke* against *Muthersbaugh* and others, for equitable relief, and to recover the undivided one-half interest in certain real estate. Trial by the court at the June Term, 1883, and judgment for plaintiff. The defendants bring the case here. The opinion states the material facts.

*R. G. Hays,* for plaintiffs in error.

*Saxey & Smith,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by W. H. Burke against E. E. Muthersbaugh, J. W. Muthersbaugh, W. H. C. Riley, Helen A. Riley, K. D. Finn, and C. H. Finn, for equitable relief, and to recover the undivided one-half interest in lot No. 7, in block No. 3, in Rader's addition to Osborne city, Osborne county. The action was tried by the court without a jury, and the court found generally in favor of the plaintiff and against the defendants, and rendered judgment accordingly. The defendants then moved for a new trial for the following reasons, to wit:

" 1. That the decision of the court is not supported by sufficient evidence, and is contrary to the evidence.

" 2. That said decision and judgment are contrary to law.

" 3. That said judgment was rendered for the plaintiff, when by the law and the evidence it ought to have been rendered for the defendants."

This motion was overruled by the court below, and the defendants, as plaintiffs in error, then brought the case to this court, and assign the following alleged errors, to wit:

" 1. The said court erred in this, that the said judgment was given in favor of the said W. H. Burke, defendant in error, when it ought to have been given in favor of the plaintiffs in error, according to the law and the evidence.

" 2. That the said judgment was rendered contrary to the law and the evidence as produced at said trial.

" 3. That the court erred in overruling the motion for a new trial filed by plaintiffs in error."

The brief of the plaintiffs in error, defendants below, is too long to be copied, but we think· its principal ground for a reversal of the judgment of the court below, if not its only ground, is that the court below erred in its general finding upon the law and the evidence.   If the finding is correct, the judgment which follows it is unquestionably correct; and we cannot say that the finding is not correct.   The material facts of the case seem from the pleadings and the evidence to be substantially as follows: Originally, E. E. Muthersbaugh and H. D. Yeager jointly owned and jointly possessed the property in controversy, and Yeager and J. W. Muthersbaugh, the husband of E. E. Muthersbaugh, kept a livery stable on the premises.   Afterward Yeager sold out his interest in the livery business to Muthersbaugh, but retained his interest in the real estate, and Muthersbaugh alone continued to carry on ·the livery business on the premises.   Burke, who held a mortgage on the interest of Yeager, foreclosed the mortgage against Yeager and wife, and at sheriff's sale purchased Yeager's and wife's interest in the real estate, and obtained a sheriff's deed conveying to him such interest.   Burke of course then took the place of Yeager.   Afterward, C. H. Finn, acting for his wife,

K. D. Finn, procured from the county clerk of Osborne county, first the assignment of a tax-sale certificate, and then a tax deed for the property. The tax deed was executed November 3, 1882; and on November 6, 1882, Finn and wife executed a quitclaim deed for the property back to E. E. Muthersbaugh. The original tax for which the property was sold was $1.50, and Finn paid for the tax-sale certificate and the tax deed $4.07; and the asserted consideration for the quitclaim deed from the Finns to Mrs. Muthersbaugh is $100. It is claimed by the plaintiffs in error, defendants below, that when Finn procured the tax deed, Muthersbaugh and wife delivered to him, or to his wife, the possession of the property, and that when Finn and wife, three days afterward, executed their quitclaim deed for the property to Mrs. Muthersbaugh, such possession was restored to Muthersbaugh and wife; but under the findings of the court and the evidence, we would think that no such change of possession ever occurred. Afterward Muthersbaugh and wife executed a deed of conveyance for the property to W. H. C. Riley, but Riley at the time, and indeed all the parties at all times, had full knowledge of Burke's claim to the property. Riley therefore took no greater interest in the property than Muthersbaugh and wife had. None of the parties was aware that the taxes upon which the tax deed was executed were outstanding against the property until about the time that Finn procured the tax title; and Burke did not know it until some time after all the foregoing transactions had occurred; and he was using a part of the stable during all the time that these transactions were taking place. Burke's petition in the court below alleged fraud and conspiracy on the part of Finn and wife and Muthersbaugh and wife in procuring said tax deed, and in pretending to transfer the possession of the property from Muthersbaugh and wife to Finn and wife, and back again to Muthersbaugh and wife, and in executing the quitclaim deed for the property back to Muthersbaugh's wife; and it alleged that all these things were done for the purpose of destroying his (Burke's) tenancy-in-common with Muthersbaugh's wife, and of defeat-

ing his rights and interests in and to the property. This was denied by defendants' answer, but as before stated, the court below found generally in favor of the plaintiff below and against the defendants below; and certainly the transactions look at least suspicious. No one ever questioned Burke's right to the property until after all these questionable and suspicious transactions had taken place, and then Riley, under Muthersbaugh and wife, claimed the property. Under the pleadings and the general finding of the court below, it would certainly be fair to treat Burke and Mrs. Muthersbaugh before her deed to Riley, not only as tenants-in-common, but also as jointly in the actual possession of the property; and the question of actual possession of the property by Burke is supported by some of the evidence. But even if Burke was not in the actual possession of the property, still he was in the constructive possession thereof; for the possession of his co-tenant, Mrs. Muthersbaugh, without any denial of his ( Burke's) interest in the property, was also a possession by Burke. (*Squires v. Clark*, 17 Kas. 84, 87, and cases there cited.) And as before stated, Burke's title was not questioned nor his possession disturbed, until some time after the execution of both the tax deed and the deed from Finn and wife to Mrs. Muthersbaugh.

We think the decision of the court below is correct. As a general rule, a tenant-in-common will not be permitted to assert against his co-tenant a tax title acquired by him for taxes imposed on the joint property. (*Blake v. Howe*, 15 Am. Dec. 688, note, and cases there cited; *Venable v. Beauchamp*, 28 Am. Dec. 85, note, and cases there cited. See also, as having some application, the cases of *Keith v. Keith*, 26 Kas. 27; *Jones v. Comm'rs*, 30 id. 278; *Comm'rs v. Land Co.*, 23 id. 196.) Usually where a tenant-in-common purchases a tax title against the joint property, the purchase will be held to be a payment of the taxes, or the extinguishment of an adverse claim, or cloud, or lien, and will inure to the benefit of all the joint owners; and the purchaser will simply be entitled to be reimbursed by his co-tenants, and will have a lien upon the land for the

amount equitably due from them. In the present case, the court below required Burke to pay one-half—indeed, a little more than one-half—of all that the defendants below claim that Muthersbaugh and wife paid to Finn and wife for their tax-title interest in the property, and more than ten times the amount that was paid by Finn and wife for such tax-title interest; and this was certainly all that equity would require from Burke.

The judgment of the court below will be affirmed.

All the Justices concurring.