## THE STATE OF KANSAS V. WM. H. EMMERT, et al.

1. SCHOOL LANDS, *Sold on Contract; Failure to Pay; Forfeiture.* If a purchaser of school lands fails to pay the interest or principal at the time the same becomes due, such failure *ipso facto* works a forfeiture; and the interest of the purchaser in the land instantly and absolutely ceases.

2. ——— *Judicial Determination of Forfeiture, Not Necessary.* Section 16 of article 14, chapter 122, laws of 1876, is a legislative declaration of forfeiture in advance, and no judicial determination is necessary to establish such forfeiture.

*Error from Allen District Court.*

ACTION on school-land contract executed by *Wm. H. Emmert,* and *R. A. McCulloch,* on the purchase by them of certain school lands in Allen county. The contract was executed on the 14th of August 1871, and was for the purchase of forty acres, at the price of $4.50 per acre. By the terms of the contract ten per cent. of the purchase-money was payable in advance, and the residue in ten equal annual installments, with interest at the rate of ten per cent. per annum. On the 14th of August 1876 there was due from *Emmert & McCulloch* on said contract the sum of $90, (principal and interest;) and said sum remaining unpaid, the county attorney, in April 1877, brought suit on said bond. The averments and prayer of the petition, and the proceedings in the district court, are sufficiently stated in the opinion. The district court, at the June Term 1877, gave judgment in favor of defendants for costs, and *The State* brings the case here on error.

*Peter Bell,* county-attorney, for The State.

*G. P. Smith,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: This action was brought by the county attorney of Allen county in favor of the state, for the purpose of having a judicial finding of fact that the conditions of the

bond or contract of purchase given by the defendants as required by law (see sec. 7, article 14, ch. 122, laws of 1876,) for the purchase of a certain tract of school land therein named and described had not been complied with, and that the defendants have forfeited their interest in said land by reason of said purchase, together with the money paid thereon, to the state; and asking that the court adjudge a forfeiture of said land and money paid to the state, and a restoration of said land to the state, unless the defendants pay the amount due on said contract of purchase, and costs of suit, within ten days from the entry of judgment. Said bond is set up and made a part of the petition. The defendants demurred to the petition, setting forth several grounds, but the only ground presented by counsel, or considered by the court, was, "that the petition did not state facts sufficient to constitute a cause of action in favor of the state against the defendants." The district court sustained the demurrer, and the plaintiff brings the case to this court for review.

This case involves the construction of sections 7 and 16 of article 14 of ch. 122, laws of 1876, pages 282, 284. Said section 7 reads as follows:

"Any person purchasing said land shall pay to the treasurer of the county in which the same is situate, one-tenth of the amount of the purchase-money, taking therefor a receipt which he shall present to the county clerk, together *with a bond in double the amount* of the purchase-money unpaid, conditioned that he will not commit waste upon said land, and that he will pay the balance of said purchase-money in ten years, and interest thereon at ten per cent. per annum, as the same becomes due; *provided*, that the purchaser may pay the balance of the purchase-money at any time, or in installments of not less than twenty-five dollars each."

Section 16 reads as follows:

"Any purchaser failing to pay the annual interest when the same becomes due, or the balance of the purchase-money when it becomes due, shall forfeit all right to the land from the time of said failure of payment, and the county attorney

shall proceed to eject him from said premises, if in possession."

On the one hand it is claimed, that this last section is a legislative declaration of forfeiture in advance, and that, if the purchaser fails to make payment at the stipulated time, *ipso facto* the land is absolutely forfeited; and on the other, that it is optional whether to claim a forfeiture, or to waive it and proceed upon the bond to collect the purchase-money; and that the county attorney, as the legal representative of the state in this behalf, may make the election, and that as the power of election exists there is absolutely no forfeiture until after the election and a judicial determination. Much is said in the arguments as to the comparative advantages and cost to the state school fund of these respective constructions of the statute; but such considerations as these are principally for the legislature, and not for the courts. It cannot be doubted that the legislature has the power to adopt either course. It can make the forfeiture absolute upon the mere fact of non-payment, or it may leave the matter open for further decision, and retain an election to pursue its remedy upon the bond, or obtain a judicial declaration of a forfeiture. It is not therefore a question of power, but one of construction. What did the legislature intend? and what is the fair import of the language used? It seems to us clear that there is a legislative declaration of forfeiture in advance, and that upon the happening of the event the forfeiture occurs, and no judicial proceeding is necessary to determine it. The language of the statute is clear, positive, and peremptory. "Any purchaser failing * * * *shall forfeit.*" And the duty cast upon the county attorney is equally clear and positive, not to seek a judicial determination of the forfeiture, not to foreclose any equitable mortgage, or to collect the bond, but to eject the purchaser if in possession. And ejectment implies full title in the plaintiff, and no rights in the defendant. It implies a forfeiture already existing, and not one to be declared. The authorities support this view. In *Borland v. Lewis*, 43 Cal.

569, which was ejectment for swamp lands purchased of the state, it appeared that the sixth section of the act providing for the sale of such lands read, that "if any person or persons purchasing lands * * * shall fail or neglect to pay the principal and interest, * * * or shall fail and neglect to pay the interest, * * * such neglect or failure shall work a forfeiture of such lands, and the same shall be resold as if no purchase had been made." And the court held that a failure to pay *ipso facto* worked a forfeiture. In the case of the *O. R. Co. v. O. B. & F. V. R. Co.*, 45 Cal. 365, the court, reviewing several authorities, decided, that "when a forfeiture is declared by statute the title to the thing forfeited immediately vests in the state, upon the commission of the offense, or the happening of the event, for which the forfeiture is declared." In *Conklin v. Hawthorne*, 29 Wis. 476, which also arose upon a purchase of swamp lands from the state, the court uses this language: "The certificate contains a provision that in case of the non-payment of any interest on the unpaid purchase-money within the time prescribed by law, the certificate, from the time of such failure, shall be utterly void and of no effect. This provision is doubtless in strict accordance with the law in that behalf. There was such failure by Tracy to pay interest, by means whereof the certificate became *utterly void and of no effect.*" See also *Kennedy v. Strong*, 14 Johns. 129; *Fountain v. Phœnix Ins. Co.*, 11 Johns. 293; *Bennett v. Art Union*, 5 Sandf. 614; *N. Y. H. & N. Rld. Co. v. B. H. & E. Rld. Co.*, 36 Conn. 166; *Wilkins v. Despard*, 5 Term Rep. 112; *U. S. v. Grundy*, 3 Cranch, 337. This last case is also cited by counsel for the state as sustaining their construction of the statute, but we think its authority is entirely on the other side. In it C. J. Marshall says: "Where a forfeiture is given by statute, the rules of the common law may be dispensed with, and the thing forfeited may either vest immediately, or on the performance of some particular act, as shall be the will of the legislature. This must depend upon the construction of the statute." Construing the statute there, the decision was adverse to the

forfeiture *ipso facto*. But that statute expressly provided for an alternative. "There shall be a forfeiture of the ship, *or* of the value thereof, to be recovered with costs of suit of the person by whom such oath shall have been made." That alternative clearly gave an election, and until the election was made the court properly held that there was no forfeiture.

But here the statute gives no alternative. A forfeiture is positively declared. But one thing is forfeited. And a single duty is imposed upon the county attorney in case of such forfeiture. The cases cited by the state, and upon which counsel chiefly rely, are not in point. *Schulenberg v. Harriman*, 21 Wall. 44, to which our especial attention is called, simply decides, that "no one can take advantage of the non-performance of a condition subsequent annexed to an estate in fee but the grantor, or his heirs or successors, and if they do not see fit to assert their right to enforce a forfeiture on that ground the title remains unimpaired in the grantee." But here the condition is precedent, and not subsequent, and no estate in fee ever passed. Of similar import are most of the other authorities cited.

We see no error in the ruling of the district court, and the judgment must be affirmed.

All the Justices concurring.