## NORA PHIPPS V. WILLIAM PHIPPS *et al.*

SCHOOL-LAND —*Legal Title Held in Trust for Heirs; Taxes and Advances.*
On October 15, 1865, F. purchased the southeast quarter of section
36, township 23, range 23, Bourbon county, which was school land,
from the state of Kansas, and took possession thereof and paid all
installments of purchase-money and interest and taxes up to and in-
cluding October 15, 1872, when he died, leaving a widow and three
children, two being minors. Subsequently, his widow paid all the
yearly payments of interest up to and including 1877. On Novem-
ber 22, 1878, one B., under an arrangement with the heirs, paid the
interest on the land. In 1875 the widow remarried, and in June of
that year she and her husband conveyed all their interest in the land
to her children, L., W., and N. · The widow then moved from the state
and agreed with her married daughter L. and her husband D. that
they should take possession of the land, pay the taxes thereon and
the balance of the money due the state upon the purchase. On Sep-
tember 5, 1876, the land was sold for taxes, and D., the husband of
L., obtained an assignment of the tax certificate from the county.
Subsequently he transferred this tax certificate to his brother B., and
under an arrangement between them on October 16, 1879, a tax deed
upon the land was issued to B., and B. paid the balance of the money
due the state upon the school land and obtained a patent in his own
name therefor; thereupon, B. executed to D. a deed for the north
half of said quarter, retaining for himself the south half. *Held,* That
D. and B. hold the legal title to the land in trust for the heirs of F.,
deceased, subject to the taxes paid and advances made by them.
(*Reynolds v. Reynolds*, 30 Kas. 91; Laws of 1879, ch. 161, § 2.)

### *Error from Bourbon District Court.*

THIS was an action for partition of the east half of section
36, township 23, range 23, in Bourbon county, commenced
March 18, 1886, by Nora Phipps against William Phipps,
Lilly Van Buskirk, Daniel Van Buskirk, and William H.
Van Buskirk. Nora Phipps claimed to be the owner of an
undivided one-third interest of said half-section of land by
descent from her father and by conveyance from her mother,
Margaret Phipps, now Margaret Zuck. William Phipps made
the same claim and answered accordingly, asking for like re-
lief with the plaintiff. Defendants Lilly Van Buskirk and
Daniel Van Buskirk her husband, failed to file an answer,

and were in default.   Defendant William H. Van Buskirk answered, claiming to be the owner of the south half of the southeast quarter of said half-section.

Trial had May 25, 1886.   Upon the trial, the following facts were admitted:

"That in April, 1872, one David M. Phipps died intestate, leaving as his sole heirs at law his widow Margaret Phipps and Lilly Phipps, now the said defendant Lilly Van Buskirk, who was born March 2, 1861; also, the said defendant William Phipps, who was born January 22, 1864, and the plaintiff Nora Phipps, who was born March 22, 1867; that the said David M. Phipps, at the time of his death, owned in fee simple, by patent from the state of Kansas, the northeast quarter of section 36, in township 23, of range 23, in Bourbon county, state of Kansas, and held a certificate of school land in common with one Hall Pitman, for the southeast quarter of section 36, in township 23, of range 23; that on December 4, 1874, said Hall Pitman assigned and conveyed his interest in said southeast quarter and in said certificate to the said Margaret Phipps; that in these papers the family name was spelled 'Fipps,' by mistake; that after this conveyance from said Hall Pitman to said Margaret Phipps, she was married to one Peter Zuck, and in June, 1875, she and her husband conveyed all of said land to her said children, Lilly, William, and Nora Phipps."

The court directed that the right of William H. Van Buskirk to hold under his patents from the state, be first tried. After hearing the evidence and arguments of counsel, the court made the following findings of fact:

"That said defendant William H. Van Buskirk is the legal and equitable owner of the south half of the southeast quarter of section 36, in township 23, of range 23, Bourbon county, Kansas, freed from any and all claim, right, title or interest of each and every of the parties hereto; that neither the said Nora Phipps nor any other of the parties hereto is entitled to make a redemption of said south half of said southeast quarter-section, nor to show or offer any evidence to show that the tax deed of said William H. Van Buskirk is void or invalid; that plaintiff Nora Phipps was born March 22, 1867, and was eighteen years of age on March 22, 1885; that said William Phipps was born January 22, 1864, and was twenty-two years of age on January 22, 1886.  Said William H. Van

Buskirk to hold said south half of said southeast quarter-section, and neither the plaintiff nor either of the other parties hereto has any interest therein."

Thereupon, the court ordered and adjudged that William H. Van Buskirk have and retain the possession of the south half of the northeast quarter of section 36, township 23 south, of range 23, and that he recover of and from the plaintiff and the defendant William Phipps his costs.   And upon further hearing of the case, the court found:

"That said Daniel Van Buskirk holds by conveyance from said William H. Van Buskirk, and is the legal and equitable owner of the north half of said southeast quarter-section, free and clear of any and all claim, right, title or interest of either of the other parties hereto, and neither the said Nora Phipps nor any other of said parties to this action is entitled to redeem the same nor to show or offer evidence to show that the tax title of the said William H. Van Buskirk under which he holds is void or invalid, and he is entitled to retain the possession thereof; that said Lilly Van Buskirk, one of the heirs of David Phipps, and Daniel Van Buskirk her husband, as also Margaret Phipps, widow of said deceased, having conveyed their interest in and to the said northeast quarter-section to the said Nora Phipps and William Phipps, they being the sole remaining heirs of said deceased, are the owners in fee simple in equal shares of said northeast quarter as tenants in common, and are entitled to partition thereof."

Thereupon, the court further ordered and adjudged that Daniel Van Buskirk have and retain the possession of the north half of the southeast quarter of section 36, township 23, range 23, in Bourbon county, and that he recover of and from said Nora Phipps and William Phipps his costs.   Subsequently the court appointed disinterested householders to make partition as ordered.   To the rulings and judgment of the court, *Nora* and *William Phipps* each excepted, and *Nora Phipps* brings the case here.

*J. D. McCleverty*, for plaintiff in error, and for defendant in error Wm. Phipps.

*E. M. Hulett*, for defendant in error Wm. H. Van Buskirk.

32 — 39 KAS.

The opinion of the court was delivered by

. Horton, C. J.: The facts in this case are substantially as follows: In April, 1872, David M. Phipps died intestate, leaving as his sole heirs his widow, Margaret Phipps, and his children, Lilly Van Buskirk, born March 21, 1861; William Phipps, born January 22, 1864; and Nora Phipps, born March 22, 1867. David M. Phipps owned at the time of his death in fee simple the northeast quarter of section 36, township 23, range 23, in Bourbon county, and held a certificate of school land in common with Hall Pitman for the southeast quarter of said section 36, which certificate was dated March 24, 1866, but recited a purchase of the land by Phipps and Pitman on October 15, 1865. The consideration for the land described in the certificate was $520; this drew ten per cent. interest, payable annually. On December 4, 1874, Pitman transferred his interest in the said southeast quarter to the widow, Margaret Phipps; in 1874 or 1875, Margaret Phipps married Peter Zuck, and in June, 1875, she and her husband conveyed all their interest in the land to her children, Lilly, William, and Nora Phipps. A year or two after the marriage of Mrs. Phipps to her second husband, she moved to Missouri; before leaving Kansas, she agreed with Daniel Van Buskirk and her daughter Lilly, who was then his wife, that they should have the use and possession of the northeast quarter of said section 36, and also the southeast quarter of said section — they paying the taxes thereon and the balance remaining due upon the school-land certificate for the purchase of said southeast quarter. She also left with them her two children William and Nora. The annual installments upon the school-land certificate, with all interest thereon, were regularly paid on the 15th day of October of each and every year up to and including October 12, 1872; after that date the interest was paid up to and including November 22, 1878; all of these installments and interest were paid by Mr. Phipps or his widow, excepting the $10.60 interest paid November 22, 1878. Over this payment of interest there is some controversy; William H. Van Bus-

kirk, however, claims to have paid that amount, or furnished the money for the payment of the same. On September 5, 1876, the southeast quarter of said section 36 was sold for taxes; November 22, 1878, Daniel Van Buskirk, the husband of Lilly Van Buskirk, *née* Phipps, obtained an assignment of the tax certificate from the county, paying therefor $80.94; this tax certificate was transferred by Daniel Van Buskirk to his brother William H. Van Buskirk. On October 16, 1879, a tax deed was issued to William H. Van Buskirk upon the land described in the certificate; and about the same time William H. Van Buskirk obtained a patent from the state to the southeast quarter of section 36, paying two years of principal and one year of interest—the payment for principal being $104. After William H. obtained his patent, he deeded to his brother Daniel Van Buskirk the north half of the southeast quarter of said section 36, retaining for himself the south half of the southeast quarter of said section. At the same time Daniel Van Buskirk deeded his interest in the northeast quarter to William and Nora Phipps, leaving them the sole owners of the same.

After William and Nora Phipps became of age, they brought this action for partition, asking to be permitted to redeem from the tax title upon the southeast quarter of said section 36; and also from any lien held by William H. Van Buskirk, on account of advances, or payments made by him to obtain the patent for said southeast quarter. They also offered to reconvey to Daniel Van Buskirk his interest in the northeast quarter of said section 36, transferred to them in 1879. The trial court decided that William H. Van Buskirk was the legal and equitable owner of the south half of the southeast quarter of said section 36, and Daniel Van Buskirk of the north half of the southeast quarter of said section. The northeast quarter of section number 36 was ordered to be partitioned between William and Nora Phipps, giving to each of them eighty acres thereof. To the rulings and judgment of the district court, William and Nora Phipps excepted, and the latter brings the case here.

The principal question is, whether William and Nora Phipps have any interest, or are entitled to any interest, equitable or otherwise, to the southeast quarter of said section 36, which is now claimed and held by William H. Van Buskirk and Daniel Van Buskirk. On the part of William and Nora Phipps, it is claimed that when Daniel Van Buskirk took the assignment from Bourbon county of the tax-sale certificate on the southeast quarter of said section 36, it amounted only to a payment of taxes; that when he assigned it to his brother, William H. Van Buskirk, and permitted him to obtain title, as against the Phipps heirs, he and his brother, William H. Van Buskirk, committed an actual fraud upon the children William and Nora; that the title by William H. Van Buskirk and Daniel Van Buskirk is in trust for their benefit; and that these heirs in justice and in right are entitled to redeem the property and be allowed a fair rental for the use of the premises.

On the part of William H. Van Buskirk, it is argued that William and Nora Phipps have no right or interest in the southeast quarter of said section 36; that their interest, or any that they may ever have had, was forfeited by operation of law by the failure or neglect to pay the installments of annual payments on the school-land certificate for 1873, 1874, 1875, 1876, and 1877; that the payment of interest in those years did not avoid the forfeiture; that there was also a forfeiture, because there was a failure in 1878 to pay anything until November 22 of that year; that if William H. Van Buskirk had no right to buy the land of the state, William and Nora Phipps cannot raise that question; and that whatever rights they or either of them ever had were terminated before William Van Buskirk obtained his patent. *The State v. Emmert*, 19 Kas. 546, and *Ewing v. Baldwin*, 24 id. 82, are cited as decisive.

We think the ruling of the district court in favor of William H. and Daniel Van Buskirk cannot be sustained. The facts in this case in many respects are somewhat similar to those in *Reynolds v. Reynolds*, 30 Kas. 91. In the case of *The State v.*

*Emmert,* on August 14, 1876, there was due upon the school-land contract both principal and interest. This court held that the failure to pay these sums, *ipso facto,* worked a forfeiture. In *Ewing v. Baldwin,* the last payment of principal on the school-land certificate was in 1873, and the last payment of interest was in 1874. The taxes on the land had been paid up to 1873, but for the taxes for that year a sale was made to the county. Again, a subsequent sale was made to the county in 1874. On November 7, 1877, Martha E. Baldwin obtained an assignment of the last tax-sale certificate, and on the same day paid to the treasurer the payment unpaid upon the school-land certificate, and subsequently obtained a patent. In these cases, neither the state nor any of its officers received and accepted payment of interest upon the school-land certificate year after year, as in the case at bar.

Clearly, Daniel Van Buskirk could not acquire a tax title to the property in controversy, as the agreement between him and Mrs. Zuck, formerly Phipps, imposed upon him the obligation to pay the taxes. His purchase of the tax-sale certificate amounted merely to a payment of the taxes then due. (*Keith v. Keith,* 26 Kas. 26; *Duffitt v. Tuhan,* 28 id. 292.) Even, however, if there was no agreement upon the part of Daniel Van Buskirk to pay the taxes for the use and enjoyment of the premises, it appears that he was a tenant in common with William and Nora Phipps, and could not acquire a tax title against them. ( *Muthersbaugh v. Burke,* 33 Kas. 260; *Doyle v. Doyle,* 33 id. 721.) As Daniel Van Buskirk transferred the tax certificate to his brother William H., the latter cannot claim any higher or greater rights than he. It seems to be admitted that William H. Van Buskirk has no right to the land through any tax certificate or tax deed. In *Reynolds v. Reynolds,* supra, it was said:

"These two defaults—the one in failing to pay interest for about four months, and the other in failing to pay taxes for about ten months—are the only defaults on the part of the purchaser for which the plaintiffs in error, defendants below, now claim that there was a forfeiture of the estate during the lifetime of the purchaser. Now the state of Kansas has never

claimed any forfeiture on the ground of these defaults, or upon any other ground; on the contrary, the state of Kansas through its officers, after the occurrence of the first default, received the over-due interest, and left the purchaser free from all default with respect to interest due on the purchase-money; and certainly third parties who at the time had no interest in the property have no right now to complain of the action of the purchaser, or of the state, or to claim that the purchaser by reason of his default forfeited his land to the state. . . . As before stated, we would also say that the state has never claimed that the purchaser forfeited his land; and the defendants themselves never made any such claim until after they had received a patent for the land; but on the contrary, they recognized the validity of the purchaser's interest in the property up to the time when they received such patent; and their right to the patent was founded in part upon the continued force and effect of the original purchase."

In this case, William H. Van Buskirk recognized the validity of the title of the heirs of David M. Phipps, deceased, by paying $10.60 interest November 22, 1878, upon the school-land contract, and by making an agreement with Daniel Van Buskirk and Robert Forbes, a relative of the Phipps heirs, to take eighty acres of the land and furnish enough money to pay all the indebtedness upon the southeast quarter of said section 36. Robert Forbes, among other things, testified:

" *Ques.:* You are a relative of those Phipps children, are you not? *Ans.:* Yes, sir.

"Q. You are a cousin of theirs? A. I am an uncle, and Mr. Henry Van Buskirk is a great uncle to Phipps heirs. . . . Henry Van Buskirk came to my house with his brother Daniel, and told me they had entered into some kind of an agreement, and he was to have eighty acres, and to furnish money enough to pay all the indebtedness on the land."

W. B. Pearsall, who was county treasurer of Bourbon county, testified, among other things:

" *Ques.:* Look at this tax certificate and explain what was done about this school land. *Ans.:* Well, Mr. Forbes and those two Mr. Van Buskirks came to my office, and it was agreed by all that as the estate did not have the money to pay with, it would be best for W. H. Van Buskirk to pay off the taxes and the money for the school land. There were two

payments still due on the school land, and that he should keep one eighty and deed the other to the heirs; that this would be the best for the heirs. So I wrote out this assignment from Daniel Van Buskirk to William H. Van Buskirk, and as Daniel Van Buskirk could not sign his name I had Charles E. Curran, a young man who was in my office, witness his signature. I did not want to witness the signature, because I had written out the assignment. William H. Van Buskirk, as I understood, paid me the money, and I sent it to Topeka for the patent, and when it came I delivered it to the patentee. This tax-assignment certificate was made out for the exact amount due, with legal interest. There was no rebate of any kind."

It does not appear that the original school-land certificate was actually assigned to William H. Van Buskirk, as in the *Reynolds case;* but it is shown that he recognized that certificate and treated with the heirs as if there had been no forfeiture. If all the heirs had been of age at the time, we would hold that the agreement entered into between William H. Van Buskirk and his brother and the heirs, was legal and binding; and therefore that in equity all the parties would be bound thereby; but at the time of the transaction between William H. Van Buskirk and his brother in 1879, William and Nora Phipps were minors. They were in no condition to assent, or be bound by the contract made for them, even if it was for their benefit. An infant may, as a general rule, disaffirm any contract into which he has entered, because infancy confers a privilege. (*The State v. Weatherwax,* 12 Kas. 463; Comp. Laws of 1885, ch. 67, § 2; *Lemon v. Beeman,* [Ohio] 26 Cent. L. J. 523.) Therefore in this case, upon the facts disclosed, William and Nora Phipps were entitled to restore and redeem; and the court erred in not permitting evidence to be presented showing the right upon their part to reconvey the interest of Daniel Van Buskirk, and to redeem all of the land embraced in the petition from any tax or other liens thereon.

In the *Emmert case,* the law construed was chapter 122, Laws of 1876; and in the *Ewing case,* the patent was issued November 14, 1877. In this case, the patent was issued October 20, 1879. Prior to the issuance of this patent, the

statute providing for a forfeiture for failure to pay the purchase-money of school land was materially changed. Section 2, chapter 161, Laws of 1879, reads:

"Section sixteen of article fourteen of said chapter is hereby amended so as to read: SECTION 16. If any purchaser of school land shall fail to pay the annual interest when the same becomes due, or the balance of the purchase-money when the same becomes due, it shall be the duty of the county clerk of the county in which such land is situated, immediately to issue to the purchaser a notice in writing, notifying such purchaser of such default; and that if such purchaser fail to pay, or cause to be paid, the amount so due, together with the costs of issuing and serving such notice, within sixty days from the service thereof, the said purchaser, and all persons claiming under him, will forfeit absolutely all right and interest in and to such land under such purchase, and an action will be brought to eject such purchaser, and all persons claiming under him, from such land."

Therefore, at the time of the issuance of the patent to William H. Van Buskirk, the statute required, on the part of the state or its officials, affirmative action to forfeit contracts entered into for the sale of school land. The purchaser had sixty days from notice of default in which to pay the balance remaining due. It is not claimed that any notice was given in this case by the county clerk, nor that the county clerk, or any other state official, declared a forfeiture. Daniel Van Buskirk and William H. Van Buskirk hold the title to the southeast quarter of said section 36 in trust only, at least so far as William and Nora Phipps are concerned. Therefore, an accounting must be had and the property described in the petition should be partitioned, as the interest of the heirs of David M. Phipps shall appear.

School land — legal title held in trust for heirs.

The judgment of the district court will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.