WALDEMAR T. HANSEN v. S. G. WILSON, *as Treasurer of Graham County.*

SCHOOL LAND — *Purchase-Money — Default — Notice.* In order to forfeit the rights and interest of the purchaser of school lands, on account of his default to pay annual interest, or the balance of the purchase-money when the same becomes due, the notice must be given and served in accordance with the provisions of § 2, ch. 161, Laws of 1879, (Comp. Laws of 1885, ch. 92, § 219.)

*Original Proceeding in Mandamus.*

ACTION brought in this court on November 5, 1887, by *Waldemar T. Hansen* against *S. G. Wilson,* as treasurer of Graham county, to compel defendant to receive certain money due on school land. The opinion filed herein at the session of the court in November, 1888, states the material facts.

*T. A. Hurd,* for plaintiff.

*Tritt & Roberts,* for defendant.

The opinion of the court was delivered by

HORTON, C. J.: On December 8, 1884, A. E. Beggs, a resident of Graham county, purchased the following school

land, to wit: The south half of section 16, in township 10, of range 22, in Graham county, and the certificates provided by the statute were issued to him. Afterward the certificates were assigned to the plaintiff, Waldemar T. Hansen, who is now the owner and holder of them. The interest on the purchase-money, due December 8, 1886, amounting to $51.84, was not paid when due. On April 23, 1887, the county clerk of Graham county issued to the sheriff of that county a notice, directed to A. E. Beggs, notifying him that there was $51.84 annual interest due on the purchase-money of such land, and that he was required to pay the same within sixty days after the service of such notice. The sheriff returned this notice on May 13, with his return indorsed in the words following:

"Received this notice 23d day of April, 1887, and served the same by going to the land within named, and found the same wholly abandoned.    W. ELLSWORTH, *Sheriff.*
May 13, 1887.    By D. M. SMITH, *Under-Sheriff.*"

On May 13, 1887, the county clerk posted the notice in his office in the court house, at the county seat. On the 11th of August, 1887, the plaintiff tendered to the defendant the amount of the unpaid interest and the fees of the officers on the notice, but the defendant refused to receive the same.

This proceeding was commenced November 5, 1887, to compel S. G. Wilson, as treasurer of Graham county, to receive the interest and fees tendered on the 11th of August, 1887, and to issue a receipt for the same to the plaintiff. The contention on the part of the defendant is, that the tender of the interest and fees was properly refused by the defendant, upon the ground that the purchaser had forfeited all his right and interest in the land. Section 219, of chapter 92, Comp. Laws of 1885, reads:

· "If any purchaser of school land shall fail to pay the annual interest when the same becomes due, or the balance of the purchase-money when the same becomes due, it shall be the duty of the county clerk of the county in which such land is situated immediately to issue to the purchaser a notice in writing, notifying such purchaser of such default; and that if such purchaser fail to pay, or cause to be paid, the amount

so due, together with the costs of issuing and serving such notice, within sixty days from the service thereof, the said purchaser, and all persons claiming under him, will forfeit absolutely all right and interest in and to such land under said purchase, and an action will be brought to eject such purchaser and all persons claiming under him from such land. It shall be the duty of said county clerk to include in such notice all tracts of land sold to the same purchaser, and on which default in any such payment then exists. The notice above provided for shall be served by the sheriff of the county by delivering a copy thereof to such purchaser, if found in the county, also to all persons in possession of such land; and if such purchaser cannot be found, and no person is in possession of said land, then by posting the same up in a conspicuous place in the office of the county clerk. And in case such land or any part thereof has been sold for taxes, a copy of such notice shall be delivered to such purchaser at tax sale, if a resident of the county. Said sheriff shall serve such notice, and make due return of the time and manner of such service, within fifteen days from the time of his receipt of the same. The sheriff shall be entitled to the same fees and mileage for serving the same as allowed by law for serving summons in civil actions. If such purchaser shall fail to pay the sum so due, and all costs incident to the issue and service of said notice, within sixty days from the time of the service or posting of such notice as above provided, such purchaser, and all persons claiming under him, shall forfeit absolutely all rights and interest in and to such land, under and by virtue of such purchase; and the county attorney shall proceed to eject him, and all persons claiming under him, from said premises, if in possession." (Laws of 1879, ch. 161, § 2.)

The sole question in the case as presented is, whether the proceedings to forfeit, after default was made by the purchaser, were in accordance with the provisions of the statute. In brief, was there any forfeiture of the rights and interest of the purchaser to the land in controversy? Under the statute, after the purchaser of school lands makes default, it is the duty of the county clerk of the county in which the land is situated, to immediately issue to the purchaser a notice in writing notifying him of his default. The purchaser then has sixty days from the service of such notice in which to make payment. The statute prescribes that the notice shall be served

by the sheriff of the county by delivering a copy to the purchaser, if found in the county; and if the purchaser cannot be found and no person is in possession of the land, then by posting the notice up in a conspicuous place in the office of the county clerk. The sheriff must serve the notice and make due return of the service within fifteen days from the receipt of the same. In this case the notice was received by the sheriff on the 23d day of April, 1887, but he made no return of the same until May 13, 1887; therefore he did not return the notice with his manner of service within the time required by the statute. But more than this, the sheriff never made any return "of the time and manner of the service" of the notice. He did return that he served the same by going to the land and finding it wholly abandoned. There was nothing in this return showing or tending to show that the purchaser could not be found in the county; and there was nothing in the service showing or tending to show that the sheriff ever posted the notice up in the office of the county clerk. Before any notice could be posted in the office of the county clerk, the return of the sheriff should have shown that the purchaser could not be personally served. There was nothing in the notice, or in the return of the notice, or in any of the proceedings, showing or tending to show that the provisions of the statute were complied with.

Under the statute interpreted in *The State v. Emmert*, 19 Kas. 546, and *Ewing v. Baldwin*, 24 id. 82, "if a purchaser of school lands failed to pay either interest or principal of the purchase-money at the time the same became due, such failure *ipso facto* worked a forfeiture; and the interest of the purchaser in the land instantly and absolutely ceased." The statute upon which those decisions were made was amended in 1879. (Laws of 1879, ch. 161, §2; Comp. Laws of 1885, ch. 92, §219.) Under the latter statute, there can be no forfeiture until the expiration of sixty days after the service of the notice required to be issued. Forfeitures are not favored by the courts; and therefore before a purchaser of school lands shall forfeit all his rights and interest in such land, under his

purchase, the notice to him of his default, if any, must be made and served in accordance with the provisions of the statute.

The peremptory writ will be granted as prayed for.

All the Justices concurring.