NORA PHIPPS V. WILLIAM PHIPPS *et al.*

1. TENANCY IN COMMON — *Rights inter se.* Where a husband and wife have an interest in common with other heirs in real estate, and are in the possession and enjoyment of the premises under an agreement to pay the taxes and "keep the place up," and the husband takes an assignment from the county of a tax certificate of sale, this operates as a payment of the delinquent taxes; and an assignee of the tax-sale certificate from the husband takes no greater or higher rights than the husband had, although such assignee furnished the money to the husband with which to purchase said certificate; and in an action for partition between the heirs, where all questions of title are settled in favor of the heirs, the assignee of the tax-sale certificate is not entitled to interest on the amount paid for a tax deed from the date of payment until the day of trial, but is only entitled to interest at the legal rate on the money advanced, subject to a reduction for the annual rental value of that part of the premises of which the assignee was in possession.

2. TAX-SALE CERTIFICATES — *Evidence.* Under the peculiar circumstances of this case, the tax-sale certificate in the hands of the original purchaser, or of his assignee, cannot be used against the heirs for any other purpose than as evidence of the amount of delinquent taxes paid by either of them on the land.

3. IMPROVEMENTS — *Value* — *Recovery.* The assignee of the tax-sale certificate in this case can only recover for the value of such improvements as permanently enhanced the value of the land.

*Error from Bourbon District Court.*

ACTION for the partition of certain land. The case is fully stated in the opinion.

*J. D. McCleverty,* for plaintiff in error.

*Hulett & Fletcher,* for defendant in error Wm. H. Van Buskirk.

Opinion by SIMPSON, C.: This is the second time that this plaintiff in error has brought this case to this court for review. For a statement of most of the material facts, see 39 Kas. 495. The action is one for partition of the east half of section No. 36, township 23, range 23, in Bourbon county. This court

held when the case was here before that Daniel Van Buskirk and William H. Van Buskirk held the title to the southeast quarter in trust only, so far as William and Nora Phipps are concerned, and this court ordered that an accounting must be had and the property partitioned as the interests of the heirs of David M. Phipps should appear, and reversed the cause and remanded it to the district court for another trial. At the September term, 1888, the second trial was had, and the court made these special findings:

"1. The said plaintiff, Nora Phipps, and the defendants, William Phipps and Lilly Van Buskirk, as heirs-at-law of David M. Phipps, and the grantees of his widow, their mother, are the owners in fee-simple, subject to the claims of William H. Van Buskirk, as hereinafter mentioned, of all that tract or parcel of land situated in Bourbon county, state of Kansas, and described as follows, to wit: The east half of section No. 36, in township No. 23 south, of range No. 23. Each of said parties owns an equal undivided one-third share and interest in said real estate, and they are entitled to have partition thereof made.

"2. In the fall of 1877 the said Daniel Van Buskirk married the said Lilly, one of said heirs, and immediately after his marriage the said Daniel and Lilly Van Buskirk made an agreement with Margaret Zuck, the mother and natural guardian of said heirs, who, since the death of David M. Phipps, had married one Peter Zuck, by the terms of which agreement said Daniel and Lilly Van Buskirk were to pay all taxes due and to become due upon said land; also to pay all other claims against said land, including two annual payments due the state upon a school-land purchase upon said southeast quarter-section, with accruing interest; the other heirs, the said Nora and William Phipps, then minors, to live with them on said land. Pursuant thereto, said Daniel and Lilly Van Buskirk at once went into the use and possession of said east half-section, and the said Nora and William Phipps lived with them in the home place of the Phipps family, on the south half of said southeast quarter; said Margaret Zuck also turned over to Daniel and Lilly Van Buskirk the crop raised upon said land for the year 1877, and some live stock, the property of David M. Phipps's estate, upon which estate there had been no administration, to aid in paying any claims against

said land. At that time the title of said southeast quarter-section was a school-land purchase certificate, upon which two payments were yet to be made.

"3. In November, 1878, the taxes were delinquent upon said southeast quarter-section for the year 1875 and subsequent years, and there was also an installment of interest due on the school-land certificate. Daniel Van Buskirk, whose duty it was to pay these taxes and this interest, was unable to do so, and in order to save a portion of said land to the heirs of David M. Phipps, procured W. H. Van Buskirk to pay the same, with the understanding and agreement that as soon as W. H. Van Buskirk obtained title from the state, he would convey to the heirs of David M. Phipps the north half of said quarter-section and retain the south half for himself. At the time of this agreement W. H. Van Buskirk was informed by the county treasurer, and was under the impression, that the land was forfeited by reason of the failure to pay the taxes and installment of interest. The amount so paid by W. H. Van Buskirk in pursuance to such agreement was: On November 22, 1878, for taxes, $89.94; for interest on school-land certificate, $10.60; on October 10, 1879, balance due state, principal and interest on school-land certificate, $114.60, at which time W. H. Van Buskirk obtained title to said quarter-section from the state, and thereupon caused the north half of said quarter to be conveyed to Daniel Van Buskirk, husband of Lilly Van Buskirk, while Lilly Van Buskirk with Daniel Van Buskirk, her husband, conveyed to William and Nora Phipps all of Lilly Van Buskirk's interest in the northeast quarter of said section 36, as the heirs of David M. Phipps. The said Nora and William Phipps declined to accept the benefit of the said conveyance from Lilly and Daniel Van Buskirk for said northeast quarter-section, and on trial consented that a decree might go revesting such title in said Lilly Van Buskirk.

"4. On November 22, 1878, when W. H. Van Buskirk paid the taxes and interest aforesaid, he was living in Missouri, and it was mutually agreed between him, Daniel Van Buskirk, and the county treasurer, that, for the convenience of the parties, the tax certificate should be taken out in the name of Daniel Van Buskirk, which was accordingly done, although Daniel Van Buskirk did not at any time have any interest in said certificate, except to hold the same for the benefit of W. H. Van Buskirk; and the assignment of said tax certificate

by Daniel to William H., on October 16, 1879, was for the purpose of putting it in the original and actual owner, so that he might thereby complete the payment of the purchase-price and procure a patent from the state.

"4½. Immediately upon getting the patent for the land and making the conveyances mentioned, Daniel Van Buskirk built a house and moved upon the north half of said quarter, with William and Nora Phipps, who lived with him until about three years before bringing this suit. Daniel Van Buskirk has had exclusive possession of said north half of the quarter ever since he moved upon it, and has made lasting and valuable improvements thereon. W. H. Van Buskirk has had exclusive possession of the south half of said quarter from the time he obtained the patent.

"5. The said Wm. H. Van Buskirk has made lasting and valuable improvements upon said south half of said southeast quarter-section, of the value of $1,050, and is entitled to the amount paid on said south half of said quarter-section on said tax deed, and for subsequent taxes, with 20 per cent. interest thereon from date of payment, in amounts as follows:

| | |
|---|---:|
| To paid for tax deed October 16, 1879 | $94 65 |
| Interest thereon to date at 20 per cent | 163 62 |
| Tax paid December 16, 1879 | 6 73 |
| Interest thereon to date at 20 per cent | 11 88 |
| Tax paid November 20, 1880 | 3 50 |
| Interest thereon at 20 per cent. to date | 5 56 |
| Tax paid June 18, 1881 | 3 50 |
| Interest thereon at 20 per cent. to date | 5 13 |
| Tax paid December 20, 1881 | 4 73 |
| Interest thereon at 20 per cent. to date | 6 39 |
| Taxes paid December 12, 1882 | 9 33 |
| Interest thereon at 20 per cent. to date | 10 90 |
| Taxes paid December 19, 1883 | 8 11 |
| Interest thereon at 20 per cent. to date | 7 83 |
| Taxes paid November 8, 1884 | 12 02 |
| Interest thereon at 20 per cent. to date | 9 40 |
| Taxes paid November 16, 1885 | 8 74 |
| Interest thereon at 20 per cent. to date | 5 04 |
| Total tax redemption | $376 83 |

Said Wm. H. Van Buskirk paid, October 16, 1879, the balance due on said school-land purchase, principal $104, and interest from November 22, 1878, at 10 per cent., total $114.60. The amounts due said Wm. H. Van Buskirk are as follows, to wit:

| | |
|---|---:|
| Value of improvements, as above | $1,050 00 |
| Tax redemption, as above | 376 83 |
| Paid on school certificate and interest | 114 60 |
| Interest on same at 7 per cent. to date | 72 19 |
| | $1,513 62 |

"6. There is due and chargeable, as the rents and profits of said south half of said southeast quarter-section from the year 1878 to date, in the sum of $650.62, to be deducted from the amount due said Wm. H. Van Buskirk, being the total deduction to be made therefrom, and leaving a balance due him of $963.

"7. Said Wm. H. and Daniel Van Buskirk hold in trust the title to said southeast quarter-section for the use and benefit of said Nora Phipps, Wm. Phipps and Lilly Van Buskirk.

"8. Said tax deed is void, and said heirs are entitled to the possession of said south half of said southeast quarter-section, (subject to a lien in favor of said Wm. H. Van Buskirk for the said sum of $963;) and the said Nora and William Phipps are each entitled to be let into the possession of an equal undivided one-third interest in and to the north half of said quarter-section. It is therefore by the court now here considered, ordered and adjudged and decreed, that the said Nora Phipps, William Phipps and Lilly Van Buskirk have and recover of and from the said Wm. H. Van Buskirk the possession of the said south half of the southeast quarter of section No. 36, in township No. 23 south, of range No. 23 east; that he, the said Wm. H. Van Buskirk, execute and deliver to them a proper deed of conveyance therefor of all of his right, title and interest therein, executed by himself and his wife; and that in default thereof this judgment shall operate as such conveyance, subject, however, to a specific lien thereon, which is hereby given the said Wm. H. Van Buskirk for the said sum of $963, and process is awarded to carry this judgment and decree into effect. It is further ordered, that if said sum of $963 is not paid on or before March 1, 1889, an order of sale may issue. It is further considered, ordered and adjudged and decreed, that the said Nora Phipps, William Phipps and Lilly Van Buskirk have and recover as against the said Daniel Van Buskirk like relief as set forth in the above and foregoing judgment and decree against Wm. H. Van Buskirk, as to the north half of said southeast quarter-section; and it is ordered that all questions as to any claims in favor of said Daniel Van Buskirk for improvements made and taxes paid upon said north half of said quarter-section, as also all claims for rents thereof from November, 1877, to this time, in favor of said heirs, shall be left open for consideration upon the incoming of the report of the commissioners hereinafter appointed to make partition of said real estate. It is further considered,

ordered, adjudged, and decreed, that partition be and is hereby granted of all that tract or parcel of real estate mentioned in plaintiff's petition, situated in Bourbon county, state of Kansas, and described as follows, to wit: The east half of section 36, in township No. 23 south, of range No. 23 east, subject to the lien and claim above mentioned, so that there shall be set off in severalty an equal one-third in value to each of the said Nora Phipps, William Phipps, and Lilly Van Buskirk; and in order to make such partition, Geo. W. Armstrong, J. N. Post and Clifford Latta are hereby appointed commissioners for that purpose, and if said partition of said half-section can be made without manifest injury, said commissioners will lay off said several interests by metes and bounds; but if not, then they shall make a valuation and appraisement thereof, and return their doings under this order to this court. It is further ordered and adjudged, that said Wm. H. Van Buskirk pay the costs and fees due his own witnesses herein, and one-half of the court costs, also that the other parties hereto pay the costs and fees due their witnesses and one-half the court costs, to be charged and adjusted upon the incoming of the report of said commissioners."

From these findings and the judgment based upon them, there is no longer any question of title, as full title is now vested in all of the Phipps heirs. William and Nora Phipps having refused to accept the benefit of the deed for their interest made by Daniel Van Buskirk and wife to them for the north quarter-section, each of the heirs of David M. Phipps, to wit, Lilly Van Buskirk, Wm. Phipps, and Nora Phipps, is entitled to one-third of the half-section, subject to whatever rights accrued to Wm. H. Van Buskirk by reason of the facts hereafter to be recited. So that the only question here is, what are the rights of Wm. H. Van Buskirk under the second, third, fourth, fifth, sixth, seventh and eighth findings? The fourth finding states that the tax certificate was taken out in the name of Daniel Van Buskirk, by agreement, for the convenience of parties, because Wm. H. Van Buskirk lived in Missouri, but that Daniel did not have any interest in the same except to hold it for the benefit of William, and that the assignment of the certificate from Daniel to William was for the purpose of putting it in the original and actual owner,

so that he could complete the payment of the purchase-price, and procure a patent from the state.   Upon the theory of this finding, the court then proceeds in the fifth finding to state an account between Wm. H. Van Buskirk and the Phipps heirs, and in this statement of account committed several grave errors, greatly to the prejudice of the heirs.   The most flagrant of these is, that Wm. H. Van Buskirk is allowed interest on the amount paid for the tax deed from its date until the date of the findings at the rate of 20 per cent. per annum.   Waiving any discussion at present as to whether he is entitled to any interest but that for money advanced, which would bear but the legal rate, it is evident that, being in possession of the premises, and enjoying the rents and profits thereof, these must be devoted as they annually accrue to the payment of the accruing taxes, and, if there be a surplus, to the annual reduction of the original cost of the tax deed.   In other words, it would be gross injustice to allow William 20 per cent. on the cost of the tax deed from its date, and 20 per cent. on the annual payment of taxes from the date of their payment up to the time of trial, when he was annually receiving from the proceeds of the farm sums that at the time of the trial aggregated $650.62, and when no interest is allowed on these rents and profits so annually received.   The rents and profits must be applied annually to the reduction of the amount paid for the tax deed, and accruing annual taxes.   It may be said, as a matter of strict law, that William H. Van Buskirk could take no greater rights by virtue of the tax certificate of sale than his assignor, Daniel Van Buskirk, acquired by the purchase of the certificate.   It is difficult to see, under this state of facts, how Daniel Van Buskirk or his assignee, William, can use this certificate for any legal purpose, except evidence of payment; so that, whatever claim William may have by reason of having furnished the money with which Daniel made the purchase, and thus by operation of law paid the delinquent taxes, arises from equitable considerations, and not from the face or terms of the tax certificate of sale and its statutory attributes.   Under the circumstances of this case,

we do not think that it is either legal or equitable to allow 20 per cent. interest on the amount of money William furnished Daniel with which to purchase the tax-sale certificate, or to allow that rate of interest on the subsequent taxes paid.

Again, it is only such improvements as enhance the value of the property that can be taken into account under all the facts and circumstances of this case. All absolutely necessary improvements, that contribute to the comfort and convenience of the party in possession, and all those necessary to protect his stock and preserve his crop, such as the repair of the dwelling-house, the repair of fences, the cleaning out of the spring that furnishes them water, and all acts of a similar character pertaining to the present use and enjoyment, and contributing to the comfort and profit of the occupant, are not such lasting and valuable improvements as enhance the value of the property and become the subject of equitable recognition and protection. The accounting between these parties ought to be done on this basis and guided by these rules: There should be deducted from the amount of money furnished by William H. Van Buskirk and paid on school certificate and interest, and for tax deed and for taxes of 1879, the annual rental value of the premises he occupied from the date of his occupancy to the end of the first year. This would bring a credit on the money furnished on or about the 1st day of December, 1880, the sums advanced by William bearing interest at 7 per cent. to that date. This balance would then bear interest until the next annual rent became the subject of deduction. The annual rental, as it accrued, should first be devoted to the payment of the taxes accruing annually on the land, and if the rent is in excess of the taxes, the excess should be credited on the original amount paid for school certificate, tax deed, and interest, the annual balance thus created bearing interest at 7 per cent. per annum. To any balance remaining at the expiration of William's occupancy should be added the value of such lasting and valuable improvements as he may have made in good faith while in the actual occupancy of the premises that have enhanced the value of the property. It

seems to us, on the state of facts presented in this record, and its peculiar circumstances, that this mode of accounting is as fair and equitable as anyone that can be adopted. That the court has power to adjust on an equitable basis, is clear from § 629 of the code, which gives the court full and ample power to settle all such questions in actions of this character on just and equitable principles. This is the view taken of the power of the court in *Sarbach v. Newell*, 28 Kas. 642, and that case is express authority to require the application of the rents and profits to the taxes as they annually accrue. Every case makes its own law; and the facts and attending circumstances of this one call for the fullest exercise of those equitable powers conferred upon the court by § 629 of the code in actions of this character. We regard the declaration of the court when this case was here before, "that William H. Van Buskirk cannot claim any higher or greater rights in the tax-sale certificate," as a correct exposition of the law governing that particular transaction, because the moment that certificate was assigned by the proper county officer to Daniel, the law operated, and it became a payment of the delinquent taxes, and this operation of a well-settled principle cannot be varied to suit the necessities of any of the parties to a lawsuit. These are some of the reasons that induce us to recommend to the court that the judgment be reversed and a new trial ordered.

By the Court: It is so ordered.

All the Justices concurring.