48   553
69   663

ANNA G. M. MENGER v. THE BOARD OF COMMISSIONERS OF DOUGLAS COUNTY.

SCHOOL LANDS—*Taxation*—*Void Sale.* School lands belonging to the state of Kansas are not subject to taxation; but, after their sale to individuals, they then become taxable; but prior to the amendment of the laws in 1879, if a purchaser of school lands from the state made default in the payment of any of the purchase-money, he, *ipso facto,* forfeited all his right and interest in and to the land, and the land at once became school land again, belonging to the state, and not subject to taxation; and if, while the land so belonged to the state, it was taxed and sold for the taxes, both the tax and the sale were absolutely void, and the tax-sale purchaser afterward, when the illegality was discovered, had the right to have all the taxes paid by him refunded.

*Error from Douglas District Court.*

THE material facts appear in the opinion. Judgment for the defendant *Board*, at the November term, 1888. The plaintiff, *Menger*, comes to this court.

*Jos. E. Riggs,* and *John Hutchings,* for plaintiff in error.

*W. W. Nevison,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Douglas county on August 15, 1887, by Anna G. M. Menger against the board of county commissioners of said county, to recover for taxes paid at tax sales, and subsequent taxes paid, and consequent costs and expenses, and statutory interest; the contention of the plaintiff being that all such taxes and tax sales were illegal, and that all the consideration for her payments had failed because of such illegality. The defendant answered, setting forth a general denial, and also pleading the two, three and five years' statutes of limitations. The case was tried before the court without a jury, and the court made the following findings and conclusions of fact and law, to wit:

### "FINDINGS OF FACT.

"1. The lands described in the first cause of action in the petition (N. E. ¼ Sec. 36, T. 14, R. 18) were assessed for taxation for the year 1876, and at the tax sale of 1877 sold to C. A. Menger for said taxes, then delinquent, and costs and penalties, and a tax-sale certificate issued accordingly. Prior to March 25, 1871, this was public school land, under the provisions of § 1 of the constitution and § 3 of the act of admission. On that day said land was sold, as provided by law in such cases, by the county treasurer to John F. Schott, who made the payments due thereon to March 25, 1872, and not thereafter, leaving a large part of the purchase-money unpaid. The same lands were again sold, as school lands, on October 25, 1879, by the county treasurer to another person, who has not yet made default.

"2. The lands described in the second cause of action (the S. ½ of N. W. ¼ Sec. 36, T. 14, R. 17) were assessed for taxation and taxes levied thereon for the year 1879, and at the tax sales of 1880 sold to C. A. Menger for the taxes of 1879, then delinquent, and penalties and costs, and a tax-sale certificate issued accordingly. Prior to September 11, 1869, this was a part of said public school land, and was on that day

sold, as provided by law, by the county treasurer to J. W. McWilliams, and payments made to include February 28, 1872, and not afterward, leaving a large part of the purchase-money unpaid. In June, 1881, the said quarter-section was again sold by the county treasurer as school lands to another person, who has not made default.

"3. The lands described in the third cause of action were assessed for taxation and taxes levied thereon for the year 1877, to wit: The S. E. ¼ S. 36, T. 14, R. 18; and at the tax sale of 1878 said lands were sold to C. A. Menger for said taxes, then delinquent, and penalties and costs, and a tax-sale certificate issued accordingly. Prior to March 25, 1871, this was part of said public school lands, and on that day it was sold by the county treasurer, in the manner provided by law, to John F. Schott, who made the payments thereon, to include March 25, 1872, and not afterward, leaving a large part of the purchase-money unpaid. On November 30, 1880, said land was again sold as school land by said county treasurer to another person, who has not made default.

"4. The holder of said certificates duly paid the subsequent taxes, and made the assignment thereof to Anna G. M. Menger, as alleged in the petition, and tax deeds, copies whereof are attached to the petition, were issued to the plaintiff thereon.

"5. The purchaser of said lands at the several tax-sales knew they had been public school lands, but, from the offer thereof for sale for taxes and the assessment and taxation thereof, supposed they had been sold and were no longer school lands. Soon after the deeds were made the plaintiff learned of the sales by the treasurer as school lands, hereinbefore stated, and afterward, to wit, July, 1886, she presented a duly-verified itemized account, in writing, of the amounts so paid on said sales and afterward on said certificates and the costs of said deed to the county board, and demanded the allowance and payment thereof, with interest as allowed by law when such refunding is made. This bill was considered by the board, and finally rejected, at the July session, 1887; and thereupon this suit was brought, August 15, 1887.

"6. The plaintiff discovered the supposed illegality of said several tax sales, that is, that said lands had again been sold as school lands, soon after said tax deeds were issued, but the precise date of such discovery is not shown or alleged."

"8. The said tax purchaser did not pay or offer to pay the installments due the state on said school lands, or in any manner comply nor offer to comply with the terms of the certifi-

cates of purchase theretofore issued on the sale of the same as such school lands; nor did his assign, the plaintiff, pay or offer to pay the same or to comply with the terms of said certificates.

"9. No notice of the default of said first purchasers at said school-land sale was ever given to or served upon the purchaser at said tax sales, who was a resident of the county of Douglas."

"CONCLUSIONS OF LAW.

"1. Said lands became taxable from the date of the first sales thereof as school lands; (Gen. Stat. of 1868, ¶ 945, § 14; Laws of 1876, ch. 122, art. 14, § 14; Comp. Laws of 1885, ¶ 851, § 217;) and were therefore subject to the taxes for which they were sold, unless the forfeiture for non-payment, provided in § 16, ch. 122, Laws of 1876, rendered such taxation void. (See 19 Kas. 546.)

"2. When, after such forfeiture, the lands are regularly taxed and sold for the non-payment of such taxes, and the tax purchaser pays the balance of the purchase-money to the proper authorities, and receives a patent from the state, his title cannot be questioned by any private individual. The state did not assent to the forfeiture until long after the tax purchase had been made, and never refused to receive from the Mengers the installments due on the school-land sale. These installments might have been accepted if offered, and the tax purchaser would have acquired thereby just the rights that he contracted for. (25 Kas. 25.)

"3. The tax purchaser having had a reasonable opportunity to make these payments before the second sales of the property as school land, and not having done or offered to do so, cannot now recover the amounts paid on the tax sale, and judgment must be rendered for the defendant."

Upon these findings and conclusions the court below rendered judgment in favor of the defendant, and against the plaintiff for costs; and the plaintiff, as plaintiff in error, brings the case to this court for review. It will be seen that the only ground upon which the court below held that the plaintiff could not recover the amount of the taxes paid by her and her assignors was, that the lands upon which such taxes were levied were, at the time of the levy and afterward, subject to taxation and the taxes were valid. Is this view of the law correct? It must be remembered that the lands taxed in this case were

originally school lands, and therefore not at that time subject to taxation. They were all sold, however, as school lands, to individuals, prior to the year 1872, and then became taxable. But the purchasers after the year 1872 failed to pay the installments of the purchase-money coming due upon them, and they thereby forfeited, *ipso facto*, instantly and absolutely, all their interests in and to the lands. (*The State v. Emmert*, 19 Kas. 546; *Flint v. Comm'rs of Jackson Co.*, 43 id. 656; same case, 23 Pac. Rep. 1048.) By these defaults the lands at once became school lands again, belonging to the state, and not subject to taxation. In the last case above cited, which was decided on May 10, 1890, it was held as follows:

"School land sold in 1869 to be paid for in 10 annual installments, followed by default in 1873, became at once, *ipso facto*, forfeited to the state, and a sale thereof for taxes in 1874 was void; and when the illegality of such sale was ascertained, the purchaser at said tax sale had a right to have such purchase-money and taxes paid subsequently, but before ascertaining the invalidity of such sale, refunded, with interest thereon." (Syllabus.)

This was the law prior to the time when any of these lands were sold as school lands, and at least up to March 2, 1879, when the law was amended. (See Gen. Stat. of 1868, ch. 94, §§ 14, 16; Laws of 1876, ch. 122, art. 14, §§ 14, 16.) The taxes therefore levied upon these lands after the year 1872 and up to the year 1879, while they were school lands and while they belonged to the state, were absolutely void, and the purchasers at the tax sales in the years 1877, 1878, and 1880, for such taxes, obtained no interest in the lands whatever. All such taxes which the tax-sale purchasers paid at the times of the tax sales and subsequently were absolutely void. The decision by the trial court in this case was rendered before the decision in the case of *Flint v. Comm'rs of Jackson Co.* was rendered by this court.

Following the last-mentioned decision, the judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.