Caldwell, Circuit Judge,
(after stating the facts.) In the case of Railway Co. v. Dunmeyer, 113 U. S. 629, 5 Sup. Ct. Rep. 566, the supreme court decided that under the act of July 1, 1862, and the acts amendatory thereof, granting lands to aid in the construction of a railroad and telegraph line from the Missouri river to the Pacific ocean, (12 *927 St. p. 489,) lands to which a pre-emption or homestead claim had attached at any time before the line of the road was definitely fixed, by filing a map of its location with the commissioner of the general land office at Washington, were exempted from the operation of the grant, and that the failure of the pre-emptor or homesteader to make the requisite proof and perfect his claim, or its actual abandonment, did not cause the land to revert to the railroad company or become a part of the grant, but in such case it remained a part of the public domain. Before this decision was pronounced, the government had issued patents or patent certificates to the railway company for lands which were not within the grant, because pre-emption and homestead rights had attached thereto before the company filed the map of the definite location of its road in the general land office. In some instances the company had sold and conveyed such lands.
After the decision in the Dwnmeyer Case, it was plain that, as to all lands to which the right of pre-emption or homestead had attached prior to the definite location of the line of railroad, the patents issued by the government to the railway company were void. Railway Co. v. Dunmeyer, supra; Smelting Co. v. Kemp, 104 U. S. 646, 647; Steel v. Refining Co., 106 U. S. 452, 453, 1 Sup. Ct. Rep. 389; Wilcox v. Jackson, 13 Pet. 498; Best v. Polk, 18 Wall. 112; Doolan v. Carr, 125 U. S. 618, 8 Sup. Ct. Rep. 1228. It was equally plain that the purchasers from the railroad company of such lands acquired no title. To correct the mistake of the land department in patenting lands to the railway company not within its grant, and to relieve, as far as practicable, all persons from loss or injury by reason of the mistake, and to place all parties, as far as it could be done, in the same situation they would have been if the mistake had not occurred, congress passed the act of March 3, 1887, (24 St. c. 376, p. 556.) The third section of that act provides in substance that, if the homestead or pre-emption entry of any settler has been erroneously canceled, such settler, upon application, shall be reinstated in all his rights, and allowed to perfect his entry; but if such settler does not renew his application within the time fixed by the secretary of the interior, then such unclaimed land shall be disposed of under the public land laws, with priority of right to bona fide purchasers thereof, if any, and, if there be no such purchasers, then to any bona fide settlers residing thereon. The fourth section of the act provides, in effect, that patents shall be issued to purchasers in good faith from the railway company of lands erroneously patented to the company, upon such purchaser making proof of the fact of such purchase at the proper land office, and that the patents issued to such purchasers shall relate back to the date of the original certification or patenting, and that the company shall pay the United States for such lands.
The complaint in this case alleges in substance that the land described therein was erroneously patented to the company because preemption claims had attached thereto prior to the definite location of the line of the road; that the land belongs to the United States; and that the deed from the company to Greeley and from Greeley to the plaintiff passed no title; and that the covenants in the deed from Greeley to the *928 plaintiff have been broken. It is apparent from the averments of the complaint, and is a conceded fact in the case, that the plaintiff is in the actual possession of the land, and that he has applied for a patent to the same under the act of congress. The plaintiff has not, in fact, been ousted of the possession of the premises, or renounced his claim to the land as a bona fide purchaser under the act of .congress; but, on the contrary, he is in the actual possession of the land, claiming the rights of a bona fide purchaser under that act. It is not alleged that the original pre-emptors or any other person is in an attitude to claim a superior right to the land, or that the plaintiff’s application to secure a patent to the land, as a bona fide purchaser under the act of congress, has been rejected or is likely to fail. The plaintiff’s contention is that he can retain the actual possession of the premises, and apply for and receive a patent for the land as a bona fide purchaser thereof under the act of congress, without any cost to himself, and that while thus retaining the possession of the land, and setting up his claims as a bona fide purchaser of the same under' that act, he can recover of the grantor, on the latter’s covenants of warranty, the full sum of the purchase money paid this grantor, with interest. The argument is that the act of congress was designed to bestow a privilege or benefit on the bona fide purchasers for their own merit and protection, and that its provisions cannot inure in any degree, or in any aspect of the case, to the benefit or protection of the company or its grantees when sued upon their covenants of warranty. It is claimed that such bona fide purchasers can avail themselves of the benefit of the act either with or without cost to themselves, and at the same time recover from their grantors on their covenants of warranty the full sum of the purchase money and interest. Stated in different language, the plaintiff’s contention is that his right of action for breach of warranty while retaining the actual possession of the land, and claiming and receiving the benefits of a bona fide purchaser under the acts of congress, are precisely what they would be if he had abandoned the possession of the premises and renounced all claim to the land, or if the original pre-emptor had appeared within the time allowed him by the secretary of the interior, and set up and established his claim and received a patent for the land. We cannot agre.e to this construction of the act. The plaintiff cannot play fast and loose. He cannot claim the benefit of the act for one purpose, and repudiate it for another. If he elects to accept the benefits of the act as a bona fide purchaser from the company or its grantee, .and gets a patent to the land because he sustains that relation, without cost to himself, he has not been damnified, and it is not perceived what substantial ground of action he would have against his grantor. But for the deed of his grantor, he would not have stood in the relation of a bona fide purchaser, and could not have availed himself of the benefits of the act of congress. Claiming and accepting, under the act, the rights of a bona fide purchaser in virtue of his grantor’s deed, he at the same time claims the right to proceed against his warrantor, the same as though he had finally lost his title and possession. He cannot do this. The complaint shows that he has preferred his claim to the land as a bona fide *929 purchaser, and that he retains the actual possession of the land. Upon these facts he is in no position to maintain an action for breach of warranty. Until his application for the benefits of the act is determined, it cannot be known what, if any, damage he has sustained by the breach of the covenants of warranty in his grantor’s deed.
We do not rest our decision upon the ground that proof that the outstanding title is in the government is not, in any case, sufficient to show an eviction. We assume it to be true, as contended by the plaintiff in error, that where the outstanding title is shown to be in the government, that is, in general, sufficient proof of eviction. Railway Co. v. Dunmeyer, 19 Kan. 548; Glenn v. Thistle, 23 Miss. 52; Brown v. Allen, (Sup.) 10 N. Y. Supp. 714; McGary v. Hastings, 39 Cal. 360; Lambert v. Estes, 99 Mo. 604, 13 S. W. Rep. 284. But this rule does not aid the plaintiff in error in this case, because he is, in fact, rightfully in possession of the land, claiming the right to a patent as a bona fide purchaser under the act of congress, and presumably, on the averments of the complaint, entitled to the rights of such a purchaser. Until his claim as a bona fide purchaser has been determined, there is under the act of congress governing this case no constructive eviction which settles the rights and liabilities of the parties. The plaintiff relies, and probably grounded his action, upon the proviso in the fourth section of the act of congress, which declares “that nothing in this act shall prevent any purchaser of lands erroneously withdrawn, certified, or patented as aforesaid, from recovering the purchase money therefor from the grantee company, less the amount paid to the United States by such company as by this act required.” This proviso does not add to or vary the legal rights or obligations of the parties as they existed at common law. Its purpose was to preserve those rights, whatever they might be, and not to confer any new right. It clearly does not contemplate that one who, by virtue of his deed and the possession acquired thereunder, is entitled to claim and does claim the rights of a bona fide purchaser, and who receives a patent from the government for his land, which is paid for by the railway company, may, after having his title thus perfected, without cost to himself, recover back the purchase money paid by him to the railway company or its grantee for the land. Nor can such a purchaser, while retaining the actual possession of the land, and claiming, under his deed, the rights secured to "a bona fide purchaser by the act of congress, maintain an action for the purchase money upon the ground that he had been constructively evicted by the United States, and has lost his land. He is not on the land as a trespasser. There has been no eviction in fact or in law. He is in possession with the consent of the government, with equities under the act of congress which he is asserting, and which may ripen into a legal title, and as long as that possession continues, and plaintiff’s claim is being asserted under the act of congress, an action for a breach of warranties for substantial damages is premature, and it is substantial and not merely nominal damages which the plaintiff is seeking to recover.
The judgment of the circuit court is affirmed.